FILED

2004 MAY 13 P 12: 00

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| W. WISTAR COMFORT | : |
| | : |
| Plaintiff, | : |
| | : |
| V. | : CIVIL ACTION NO.: |
| | : 3:02CV97 (DJS) |
| | : |
| HEALTH NET OF THE NORTHEAST, | : |
| INC., and HEALTH NET OF THE | : |
| NORTHEAST, INC., FORMERLY | : |
| KNOWN AS PHYSICIANS HEALTH | : |
| SERVICES, INC. | : |
| | : |
| Defendant | : NOVEMBER 18, 2003 |

## AMENDED COMPLAINT

1. This action has been removed to Federal Court by the defendant, pursuant to 28 U.S.C. §§ 1441, *et seq*.

2. The defendant, Health Net of the Northeast Inc., formerly known as Physicians Health Services, Inc., is a Delaware corporation with its principal place of business in Shelton, Connecticut.

3. At all relevant times mentioned herein, Physicians Health Services, Inc., was a health maintenance organization licensed under the laws of Connecticut.

3

4.  In November of 1999, the plaintiff, W. Wistar Comfort, received employer-sponsored medical benefits through Physicians Health Services, Inc.

5.  At all relevant times mentioned herein, Middlesex Hospital and the Family Practice Group operated by Middlesex Hospital were providers of medical services to patients participating in the Physicians Health Services, Inc., benefit plans.

6.  On or about November 9, 1999, the plaintiff, W. Wistar Comfort, went to Middlesex Hospital's Family Practice Group complaining of recent fairly constant right buttock pain for which he was given medication and follow-up instructions.

7.  On or about November 16, 1999, the plaintiff returned to the Family Practice Group with the onset of low grade fever and continuing complaints of pain which radiated into his thighs and resulted in diminished ability to ambulate.

8.  Plaintiff's condition continued to worsen with symptoms of significant pain, spiked fevers, some bilateral frontal headache, loss of appetite and weight loss.

9.  As a result of plaintiff's continuing pain and fever, his physician ordered a lumbar/sacral spine and retroperitoneal Magnetic Resonance Imaging (MRI) diagnostic study to be performed by the radiology department at Middlesex Hospital.

10. The defendant, Physicians Health Services, Inc., through its agents, servants and/or employees, reviewed the plaintiff's medical information and thereafter denied the

4

RISCASSI & DAVIS, P.C.
ATTORNEYS-AT-LAW
131 OAK STREET
P. O. BOX 261557
HARTFORD, CT 06126-1557
(860) 522-1196
JURIS NO. 50361

physician's request for an MRI study determining instead that the plaintiff should undergo a significant trial of conservative therapy, and they suggested physical therapy.

11. Pursuant to the determination of Physicians Health Services, Inc., the plaintiff underwent conservative therapies including pain management and did not then receive the Magnetic Resonance Imaging (MRI) study requested by his treating physician.

12. Subsequent evaluation and testing failed to reveal a diagnosis for plaintiff's continued severe symptomatology and another request for MRI was eventually made and approved by the defendant.

13. On or about December 20, 1999, the plaintiff underwent an MRI of the lumbar spine which revealed the pressure of an epidural abscess as well as bilateral psoas abscess. He was then admitted to Hartford Hospital on December 22, 1999, at which time he began a course of intravenous antibiotic treatment for the epidural abscess, psoas abscess and vertebral osteomyelitis.

14. The medical treatment decision by Physician Health Services, Inc., and its servants, agents and/or employees, to delay the diagnostic MRI study caused the plaintiff to suffer serious, painful and permanent injuries.

15. The plaintiff's injuries and losses resulted from the defendant, Health Net of the Northeast Inc., formerly known as, Physicians Health Services, Inc., its agents, servants and/or

RISCASSI & DAVIS, P.C.
ATTORNEYS-AT-LAW
131 OAK STREET
P. O. BOX 261557
HARTFORD, CT 06126-1557
(860) 522-1196
JURIS NO. 50361

5

employees' deviation from the applicable standard of medical care, in one or more of the following ways:

 a. in that after reviewing the plaintiff's medical information, they decided that the plaintiff's condition did not warrant that he undergo a Magnetic Resonance Imaging (MRI) study, despite the fact that said test was deemed necessary and ordered by his treating physician;

 b. in that after reviewing the plaintiff's medical information, they determined that the appropriate medical course for the plaintiff was to have conservative therapy rather than a diagnostic Magnetic Resonance Imaging (MRI) study;

 c. in that they determined that the appropriate medical course for the plaintiff was to have conservative therapy rather than a diagnostic Magnetic Resonance Imaging (MRI) study without adequately communicating with the plaintiff's physician and/or the plaintiff regarding the plaintiff's medical condition;

 d. in that they failed to recognize the severity of the plaintiff's condition and his need for the Magnetic Resonance Imaging (MRI) study, despite the signs and symptoms the plaintiff was exhibiting prior to the test being ordered by his physician;

 e. in that by denying the diagnostic Magnetic Resonance Imaging (MRI) study, they allowed and/or permitted the plaintiff's condition to go undiagnosed and untreated for an unreasonable period of time, causing unnecessary advancement of his spinal infection;

 f. in that they failed to make adequate inquiries into the plaintiff's medical condition prior to denying the diagnostic Magnetic Resonance Imaging (MRI) study because his medical information was reviewed and his course of treatment was determined by a physician whose specialty did

6

RISCASSI & DAVIS, P.C.
ATTORNEYS-AT-LAW
131 OAK STREET
P. O. BOX 261557
HARTFORD, CT 06126-1557
(860) 522-1196
JURIS NO. 50361

    not involve the treatment of the condition and/or symptoms exhibited by the plaintiff;

  g. in that they countered, rejected, overruled and/or contraindicated the medical recommendation of the plaintiff's treating physician without adequate medical justification for doing so.

16. As a result, the plaintiff's physical condition continued to deteriorate and his spinal infection condition went undiagnosed and untreated until he underwent a diagnostic Magnetic Resonance Imaging (MRI) study on December 20, 1999.

17. As a further result of the delay in diagnosis, the plaintiff developed lumbar stenosis at L3-L4, following collapse of L3-L4, and osteomyelitis which necessitated and required that he undergo and incur expenses for a lumbar decompression with fusion and a right iliac crest bone grafting surgical procedure on March 28, 2000, as well as, a long period of post-surgical convalescence and rehabilitation.

18. As a further result, the plaintiff has lost the ability to enjoy and carry out his usual activities, including the ability to work, all to his further loss and detriment.

RISCASSI & DAVIS, P.C.
ATTORNEYS-AT-LAW
131 OAK STREET
P. O. BOX 261557
HARTFORD, CT 06126-1557
(860) 522-1196
JURIS NO. 50361

7

WHEREFORE, the plaintiff demands judgment against the defendant in the sum of Five Hundred Thousand Dollars and costs. The plaintiff demands a Trial by Jury.

Dated at Hartford, Connecticut, this 18th day of November, 2003.

BY _____
David W. Cooney
Federal Bar No: CT 04205
RisCassi & Davis, P.C.
131 Oak Street
Hartford, CT 06106
Phone: (860) 522-1196
Fax: (860) 246-5847
Attorney for the Plaintiff

### CERTIFICATION

This is to certify that a copy of the foregoing Amended Complaint has been mailed to all counsel of record this 18th day of November, 2003, to wit:

Theodore J. Tucci, Esq.
Michael J. Kolosky, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

_____
David W. Cooney

RISCASSI & DAVIS, P.C.
ATTORNEYS-AT-LAW
131 OAK STREET
P. O. BOX 261557
HARTFORD, CT 06126-1557
(860) 522-1196
JURIS NO. 50361

8